TWENTY-FIRST JUDICIAL CIRCUIT COURT
ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| RESTORATION ST. LOUIS, INC., <br><br> Plaintiff, <br><br> v. <br><br> 3RD ST. IA LLC, <br><br> **Issue Summons:** <br> Nitin Jobanputra <br> 37 Sprain Valley Rd. <br> Scarsdale, NY 10583 <br><br> Parag Mehta <br> 70 W 107 St. 6A <br> New York, NY 10018 <br><br> Defendant. | Cause No.: 8 <br> Division: <br><br> **JURY TRIAL DEMANDED** <br><br> Serve by special process server <br><br><br> Serve by special process server |

### Petition for Breach of Contract

Plaintiff Restoration St. Louis, Inc. ("Plaintiff"), by and through its attorneys Sandberg Phoenix & von Gontard PC, brings the following causes of action against Defendant 3rd St. IA LLC ("Defendant"):

### PARTIES

1.  Plaintiff is a Missouri corporation authorized to do business in Missouri, and in fact doing business in St. Louis County, Missouri. Plaintiff's principal place of business is situated in St. Louis City and located at Coronado Place, 3701 Lindell Boulevard, St. Louis, Missouri 63108.

2.  Defendant is a New York limited liability company doing business in St. Louis County, Missouri.. Defendant may be served at 37 Sprain Valley Road, Scarsdale, NY 10583.

3.

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to Article V, Section 14 of the Missouri Constitution section 478.070, which grant Missouri circuit courts original jurisdiction over all civil cases and matters.

5. Venue is proper in this Court pursuant to section 508.010.4 because Plaintiff was first injured by Defendant's wrongful acts in St. Louis County. Alternatively, venue is proper in this Court pursuant to section 508.010.2(4) because Defendant is a nonresident of Missouri.

## FACTS COMMON TO ALL COUNTS

6. On or about April 25, 2012, Plaintiff and Defendant entered into a Purchase and Sale Agreement ("Contract"), wherein Defendant agreed to sell to Plaintiff certain real property commonly known as 131 West Third Street, Davenport, Iowa 5201 ("Property"). A true and correct copy of the Agreement is attached as **Exhibit A** and incorporated herein by this reference.[1]

7. Pursuant to section 1.3 of the Contract, Defendant directed Plaintiff to deliver $180,000 ("Earnest Money") to Defendant's escrow agent, St. Louis Title, LLC, located at 7701 Forsyth Boulevard, Suite 200, Clayton, Missouri 63105 ("Escrow Agent").

8. Plaintiff delivered the Earnest Money to Defendant's Escrow Agent as follows: (i) $54,000 on or before 5:00 p.m. CST seven working days after the Effective Date; (ii) and $126,000 within five business days after the expiration of the Contingency Date. True and correct copies of receipts confirming delivery of the money to Defendant's Escrow Agent are attached as **Exhibit B** and incorporated herein by this reference.

---

[1] All capitalized terms shall have the meaning ascribed to them in the Contract unless defined otherwise herein.

9. Pursuant to section 4.3 of the Contract, Defendant was required to deliver the Property free and clear of any environmental hazards and contaminations, including asbestos, at Defendant's sole cost and expense prior to the Closing Date.

10. Pursuant to section 1.7 of the Contract, the Closing Date was on or before January 28, 2013. The Closing Date was extended to February 8, 2013, by agreement of the parties to the Contract.

11. Pursuant to section 1.7 of the Contract, the Closing was to take place in St. Louis County, Missouri.

12. Defendant admitted on or about February 7, 2013, that remediation of all eviornmental hazards and contamination on the Property was not complete.

13. Defendant failed to deliver the Property free and clear of any environmental hazards and contaminations prior to February 8, 2013.

14. Pursuant to section 1.3(b)(4) of the Contract, Plaintiff gave Defendant written notice to Defendant on or about February 11, 2013, regarding Defendant's failure to deliver the Property free and clear of any environmental hazards and contaminations prior to February 8, 2013 ("Notice of Default"). A true and correct copy of the Notice of Default is attached as **Exhibit C** and incorporated herein by this reference.

15. To date, Defendant has failed to deliver the Property free and clear of any environmental hazards and contamination.

16. Pursuant to section 1.3(b) of the Contract, the Earnest Money was to be refunded and returned to Plaintiff by no later than February 18, 2013.

17. Defendant has failed and currently refuses to refund and return Plaintiff's Earnest Money.

18. Defendant has failed and currently refuses to instruct its Escrow Agent to refund and return the Earnest Money to Plaintiff.

19. Without Defendant's instruction to release Plaintiff's Earnest Money, Defendant's Escrow Agent has failed and currently refuses to refund and return the Earnest Money to Plaintiff.

20. To date, Plaintiff's Earnest Money is being held by Defendant's Escrow Agent in St. Louis County, Missouri.

21. Plaintiff has made multiple demands upon Defendant for payment of the Earnest Money, but Defendant has failed to pay and/or direct its Escrow Agent to pay Plaintiff its Earnest Money as required by the Contract.

## COUNT I – BREACH OF CONTRACT

22. Plaintiff incorporates and adopts paragraphs 1 through 18 of this Petition as if fully set forth in this Count.

23. Defendant defaulted and breached the Contract by failing to deliver the Property free and clear of any environmental hazards and contaminations prior to February 8, 2013.

24. Defendant defaulted and breached the Contract by failing and continuing to refuse to return and refund Plaintiff's Earnest Money.

25. Defendant defaulted and breached the Contract by failing and continuing to refuse to instruct its Escrow Agent to return and refund Plaintiff's Earnest Money.

26. Plaintiff has complied with all conditions precedent under the Contract, and is not now and never has been in breach of the Contract.

27. Plaintiff has performed all obligations under the Contract.

28. Defendant has never given Plaintiff written notice specifying any default or

4

failure of performance by Plaintiff as required by sections 1.7(b)(5) and 6.6.

29. Plaintiff has made demand upon Defendant for payment of the Earnest Money, which payment has failed to be made.

30. As a direct and proximate result of Defendant's failure to pay Plaintiff its Earnest Money, Plaintiff was damaged in the amount of $180,000 plus all interest that accrued and continues to accrue on the Earnest Money.

31. Pursuant to section 6.2 of the Contract, Plaintiff is entitled to all costs, including reasonable attorneys' fees, costs and expenses.

WHEREFORE, Plaintiff prays this Court for its Order and Judgment declaring Defendant in default of the Contract; ordering a return and refund of the Earnest Money to Plaintiff; awarding Plaintiff $180,000 plus the interest that accrued thereon and continues to accrue; post-judgment interest; awarding Plaintiff its costs herein expended, including reasonable attorneys' fees; and for such other and further relief as this Court deems just under the premises.

SANDBERG PHOENIX & von GONTARD P.C.

By: _____
Aaron D. French, #50759
Jesse B. Rochman, #60712
600 Washington Avenue - 15th Floor
St. Louis, MO 63101-1313
314-231-3332
314-241-7604 (Fax)
afrench@sandbergphoenix.com
jrochman@sandbergphoenix.com

*Attorneys for Plaintiff*