UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RESTORATION ST. LOUIS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:13-cv-00669 |
| | ) | |
| 3RD ST. IA LLC, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE
ALTERNATIVE, TRANSFER VENUE**

COMES NOW Defendant 3RD ST. IA LLC ("3rd ST") or ("Defendant"), by and

through its attorneys and hereby submits the following Memorandum of Law in

Support of its Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative,

Transfer Venue. In support of its Motion, Defendant respectfully states to the Court:

I.      **PROCEDURAL BACKGROUND**

On or about February 22, 2013, Plaintiff Restoration St. Louis, Inc. ("Restoration")

filed a one-Count Petition ("Petition") in the Circuit Court of St. Louis County,

Missouri, Case No. 13SL-CC00644. On or about March 8, 2013, Intervenor St. Louis

Title, LLC ("Intervenor") filed its Motion to Intervene by Right or in the Alternative by

Permission. Defendant 3rd ST was served a copy of the Summons and Petition on March

13, 2013. On or about April 10, Defendant served and filed a timely Notice of Removal

pursuant to 28 U.S.C. § 1446(b) (Docket 1-2). On April 15, the Court granted the Motion to Intervene. (Docket 7).

Defendant served written notice of the Notice of and Petition for Removal upon Plaintiff's counsel of record, Aaron D. French and Jesse B. Rochman, as well as counsel for Intervenor, Roger W. Pecha and Conn Q. Davis. Defendant also filed a true and accurate copy of the Notice of Removal with the Clerk of Court, in the Circuit Court of the County of St. Louis, State of Missouri. Defendant brings the present motion before this Court within seven days of the filing of the Notice of Removal, as provided pursuant to Fed. R. Civ. P. 81(c)(2)(C).

## II.    FACTUAL BACKGROUND[1]

3rd ST is a limited liability company, with three members, and has its principal place of business in the State of New York. 3rd ST is a not a citizen of the State of Missouri. None of the members of 3rd ST is a citizen of the State of Missouri.  3rd ST has no business located in Missouri. 3rd ST owns property located at 131 West Third Street, Davenport, Iowa (the "Property"). The Property was listed with a local Iowa realtor for rental spaces. The Property was not listed for sale.

Restoration's Vice President, Sam Estep, contacted a 3rd ST representative by phone regarding potential purchase of the Property in early 2012. The 3rd ST representative was in New York. In March of 2012, Sam Estep travelled to New York to personally negotiate the Agreement with 3rd ST. During the course of negotiations,

---

[1] The contents of this Section are provided from the Declaration of Parag Mehta ("Mehta Declaration"). Exhibit A.

Restoration suggested St. Louis Title, LLC for the deposit of the earnest money. The Agreement was drafted by Sam Estep on behalf of Restoration and was reviewed by counsel for 3rd ST. 3rd ST executed the Agreement in New York. See Exhibit E ("Agreement"). 3rd ST has had no other contact with Missouri.

### III.   MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

#### a.  Legal Standard

Restoration must make a prima facie showing of personal jurisdiction over 3rd ST in order to survive a motion to dismiss for lack of personal jurisdiction. *Anheuser-Busch, Inc. v. City Merch.*, 176 F. Supp. 2d 951, 955 (E.D. Mo. 2001) (citing *Digi-Tel Holdings, Inc. v. Proteq Telecommunications (PTE), Ltd.*, 89 F.3d 519, 522 (8th Cir.1996). To the extent the Court relies upon the pleadings and affidavits, the Court "must look at the facts in the light most favorable to the party invoking personal jurisdiction, and resolve all factual conflicts in favor of that party." *Id.* (citations omitted). Where, as here, 3rd ST challenges jurisdiction, Restoration "bears the burden of proving facts supporting personal jurisdiction." *Wells Dairy, Inc. v. Food Movers Int'l, Inc.*, 607 F.3d 515, 518 (8th Cir. 2010) (citation omitted). In addition, the Court tests Restoration's prima facie showing by the affidavits and exhibits presented in opposition, in addition to the pleadings. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072-73 (8th Cir. 2004) (citations omitted).

To determine whether jurisdiction over a non-resident defendant properly lies with a federal court, the Court undertakes a two-step inquiry. *Ahmed v. Aviss*, 2012 WL 6621691 (E.D. Mo. Dec. 19, 2012). The Court first examines whether 3rd ST committed

one of the acts set forth in Missouri's long-arm statute. *Id.* (citing *Angelica Corp. v. Gallery Mfg. Corp.*, 904 F.Supp. 993, 996 (E.D.Mo.1995)). Next, the Court determines "whether the exercise of personal jurisdiction over [3rd ST] comports with the Due Process Clause of the Fourteenth Amendment." *Id.* (citations omitted). The Eighth Circuit recently determined that this two-step inquiry may not be collapsed into a pure due process analysis. *Myers v. Casino Queen*, Inc., 689 F.3d 904, 909 (8th Cir. 2012) (adopting the ruling in *Bryant v. Smith Interior Design Grp., Inc.*, 310 S.W.3d 227, 231 (Mo.2010)). Thus, the Court initially examines whether 3rd ST's conduct is covered by Missouri's long arm statute and then whether such jurisdiction meets federal due process requirements. *Id.*

**b.  Missouri's Long-Arm Statute Does Not Encompass 3rd ST's Conduct**

Missouri's long arm statute provides, in relevant part,

1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:

(1) The transaction of any business within this state;
(2) The making of any contract within this state;

\*\*\*

3. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.

Mo. Ann. Stat. § 506.500 (West).

Here, the Agreement was initiated by Restoration and negotiations took place in New York or, on behalf of 3rd ST, through its attorney in Iowa. Mehta Declaration ¶¶ 9-10. The Property is located in Iowa. *Id.* at ¶ 6. 3rd ST executed the Agreement in New York. *Id.* at ¶ 13. 3rd ST is uncertain where Restoration executed the Agreement. See *Peabody Holding Co., Inc. v. Costain Group PLC*, 808 F. Supp. 1425, 1433 (E.D. Mo. 1992) ("A contract which has been accepted in Missouri is deemed to have been made in Missouri for purposes of jurisdiction under the Missouri long-arm statute.") (citations omitted). Absent proof that the contract was accepted in Missouri, the Missouri long arm statute should not apply. 3rd ST has had no other contact with Missouri other than that initiated by Restoration. Mehta Declaration ¶ 14.

### c.  3rd ST Does Not Have the Requisite Minimum Contacts Required For Due Process

For this Court to exercise personal jurisdiction over 3rd ST, due process requires that 3rd ST possess minimum contacts with Missouri, the forum state. *Int'l Shoe Co. v. Wash.*, 326 U.S. 310 (1945). Under this analysis, such minimum contacts must be sufficient to the extent that requiring 3rd ST to defend Restoration's suit would not "offend traditional notions of fair play and substantial justice." *Id.*  The Court examines whether there is a "substantial connection" between 3rd ST and Missouri created by "an action of the defendant purposefully directed toward the forum State." *Id.* (citing *Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 112 (1987).

The Eighth Circuit has set forth a five factor test to evaluate whether such action(s) support the exercise of personal jurisdiction, outlined as follows

(1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relationship of those contacts with the cause of action; (4) Missouri's interest in providing a forum for its residents; and (5) the convenience or inconvenience to the parties.

*Myers*, 689 F.3d at 911; *Precision Const. Co. v. J.A. Slattery Co., Inc.*, 765 F.2d 114, 118 (8th Cir.1985) (noting that the first three factors are of primary importance and the last two of secondary importance).

To support jurisdiction, 3rd ST's contacts with Missouri "generally must not arise due to mere fortuity, but must arise because 3rd ST has 'purposefully availed' itself of the privilege of conducting activities in the state." *World Chess Museum, Inc. v. World Chess Fed'n, Inc.*, 2013 WL 147802 (E.D. Mo. Jan. 14, 2013) (citations omitted). Here, Restoration cannot demonstrate purposeful availment by 3rd ST. 3rd ST did not seek out Restoration's business and has no business in Missouri. Mehta Declaration ¶ 9 and ¶ 14. 3rd ST's only connection to Missouri is through 3rd ST's compliance with Restoration's choice of escrow company. Mehta Declaration ¶ 11. This contact is, if anything, fortuitous rather than purposeful.

### i. Primary Factor Analysis: Nature, Quality, Quantity of Contacts and Relationship with Cause of Action

#### a.  Nature and quality of the contacts with the forum state.

Viewed as a whole, neither the nature nor quality of 3rd ST's contact confers jurisdiction. The parties did not negotiate the contract in Missouri, the contract was executed by 3rd ST in New York and by Restoration elsewhere, and the Property is located in Iowa. Mehta Declaration; *See Aaron Ferer & Sons Co. v. Atlas Scrap Iron & Metal Co.*, 558 F.2d 450, 455 (8th Cir.1977) (finding that due process prevented

jurisdiction where the contracts were not negotiated or executed in the forum, would not be performed there, the goods involved neither originated from nor were destined there, and the foreign actor employed no salesmen or agents there). No "prior negotiations" occurred in Missouri; Restoration's Vice-President initiated contact with 3rd ST and flew to New York to undertake negotiations. Mehta Declaration ¶ 10. Restoration drafted the contract. *Id.* at 12; see *Sybaritic, Inc. v. Interport Int'l, Inc.*, 957 F.2d 522, 525 (8th Cir.1992) (finding that due process prevented jurisdiction where the foreign actor's contract with the forum resident was "negotiated, drafted, presented and executed" out of the forum, even though the foreign actor visited the forum resident once and communicated with the forum resident by telephone and mail).

3rd ST has not had any prior transaction with Defendant-Intervenor or Missouri. Mehta Declaration ¶ 14. Instead, 3rd ST reasonably complied with Restoration's choice of Defendant-Intervenor as the Title Company as set forth in Article 1.3 of the Agreement. *Id.* at ¶ 11. The parties chose to have their contract governed by Iowa law. See Agreement, Article 6.9. The Property is located in Iowa, and the allegations regarding a failure to deliver the Property free of environmental hazards are also related to Iowa. Mehta Declaration ¶ 6.

Under these circumstances, the terms of the contract did not alert 3rd ST that it should reasonably be expected to be haled into court in Missouri. According to the choice of law provision in the contract, 3rd ST more reasonably expected to litigate any potential claims in Iowa. See Agreement, Article 6.9. "Merely entering into a contract with a forum resident does not provide the requisite contacts between a (nonresident)

defendant and the forum state." *Scullin Steel Co. v. Nat'l Ry. Utilization Corp.*, 676 F.2d 309, 313 (8th Cir. 1982) (quoting *Iowa Elec. Light & Power Co. v. Atlas Corp.*, 603 F.2d 1301, 1303 (8th Cir. 1979) (citing *Aaron Ferer & Sons Co. v. American Compressed Steel Co.*, 564 F.2d 1206, 1211 (8th Cir. 1977). The Eighth Circuit has noted that "[t]his is particularly true when all elements of the defendant's performance are to take place outside of the forum." *Aaron Ferer & Sons Co.*, 564 F.2d at 1210. In addition, the Agreement has no "substantial connection" with Missouri. See *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957).

### b.    Quantity of contacts.

The parties' limited remote communications also fail to support jurisdiction. *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 594 (8th Cir. 2011) (finding that "scattered e-mails, phone calls, and a wire-transfer of money" to the forum were insufficient contacts to support jurisdiction) (citations omitted); *Inst. Food Marketing Assocs., Ltd. v. Golden State Strawberries, Inc.*, 747 F.2d 448, 456 (8th Cir.1984) (finding that due process prevented jurisdiction where the contacts between the foreign actor and the forum were limited to phone conversations and written correspondence). "For it is a defendant's contacts with the forum state that are of interest in determining whether personal jurisdiction exists, not its contacts with a resident of the forum." *Id.* (citations omitted). While Missouri has an interest in providing a forum for a company with its headquarters here, that does not overcome the insufficiency of 3rd ST's contacts with Missouri. *Dairy Farmers of Am., Inc. v. Bassett & Walker Int'l, Inc.*, 702 F.3d 472, 478-79 (8th Cir. 2012).

c.    **Relationship of contacts with the cause of action.**

A defendant's contacts with a forum state may give rise to general or specific

jurisdiction. General jurisdiction applies where a defendant has "continuous and

systematic" contacts with the forum state. *Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir.

2010) (citations omitted). Specific jurisdiction requires that the non-resident defendant

purposely directed its activities at the forum state's resident in a suit that "'arises out of'

or 'relates to' these activities." *Lakin v. Prudential Sec., Inc.*, 348 F.3d 704, 707 (8th

Cir.2003) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

As set forth previously, 3rd ST's contacts cannot be considered "continuous and

systematic." In addition, 3rd ST can not be said to have purposefully directed activities at

Missouri. The Property is located in Iowa, Restoration found the Property, initiated

contact with 3rd ST, and travelled to New York to negotiate the Agreement. Restoration

chose the escrow company, not 3rd ST. Mehta Declaration. The Agreement was executed

by 3rd ST in New York and by Restoration presumably in either Iowa or Missouri. *Id.* at

¶ 13.

The Agreement contained a choice of law provision as to Iowa, which also

weighs against any purposeful availment. *Glen Martin Eng'g, Inc. v. Alan Dick & Co.,

Ltd.*, 2009 WL 1330810 (W.D. Mo. May 12, 2009) (court views choice of law provision as

a factor regarding whether defendant purposefully availed itself in Missouri) (citing *See

Wessels, Arnold & Henderson v. National Medical Waste, Inc.*, 65 F.3d 1427, 1434 (8th

Cir.1995) (noting that a choice-of-law clause "is an important factor in determining

whether [a] defendant has purposely availed itself in the forum state," although such a

provision "is insufficient standing alone to confer jurisdiction."). "Specific personal jurisdiction, unlike general jurisdiction, requires a relationship between the forum, the cause of action, and the defendant." *Myers*, 689 F.3d at 913 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). No such relationship exists here.

>    ii. **Secondary Factor Analysis: Missouri's Interest in Providing a Forum for its Residents and Convenience or Inconvenience to the Parties**

The insufficient nature, quality, and quantity of 3rd ST's contacts outweigh any interest Missouri may have in providing a forum for Restoration and fail to justify the exercise of jurisdiction. *World Chess Museum, Inc. v. World Chess Fed'n, Inc.*, 2013 WL 147802 (E.D. Mo. Jan. 14, 2013) (citing *Uncle Sam's Safari Outfitters, Inc.*, 96 F.Supp.2d at 924 ("Missouri has an interest in resolving the case because a Missouri corporation's trademark is allegedly being infringed. The plaintiff also has an interest in adjudicating the action in Missouri because it is a Missouri corporation. However, these factors of the test are considered less important by the Eighth Circuit."). As to the last factor, while the convenience to 3rd ST does not weigh heavily against the exercise of jurisdiction, the majority of the relevant witnesses, in addition to the Property, are in Iowa. Mehta Declaration ¶ 6.

## IV.   IN THE ALTERNATIVE, THIS COURT SHOULD TRANSFER VENUE TO THE SOUTHERN DISTRICT OF IOWA

Should the Court determine that personal jurisdiction exists, 3rd ST asks the Court to exercise its discretion to transfer this case to the United States District Court for

the Southern District of Iowa pursuant to 28 U.S.C. § 1404(a). Such statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

The Eighth Circuit Court of Appeals has stated that § 1404(a) requires courts to consider "three general categories . . . when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). A district court, however, is not limited to these three enumerated factors in deciding whether to transfer a case. *Id.*" [S]uch determinations require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Id.* 3rd ST, as the party seeking transfer, bears the burden of proof. *Id.* at 695-96.

As to the convenience of the parties in relation to transfer, Iowa was the applicable law set forth in the Agreement. See Agreement, Article 6.9. A choice of law provision, while "far from compelling," is nevertheless "a factor to be weighed in the scales as prescribed by Section 1404(a) and the case law applying it ." *Riviera Fin. v. Trucking Servs., Inc.*, 904 F. Supp. 837, 839 (N.D. Ill. 1995) (citing *Van Dusen v. Barrack*, 376 U.S. 612 (1964), *superseded by statute on other grounds).* Here, this factor becomes more compelling as Restoration has a registered agent and conducts business in Iowa. See Exhibit B (Restoration's Iowa Biennial Report for a Foreign Corporation; Business Entity summary; copy of Application for Certificate of Authority to Transact Business in Iowa); Exhibit C (article regarding other Restoration projects in Iowa).

The convenience of the witnesses also weighs in favor of transfer. *Anheuser-Busch, Inc.,* 176 F. Supp. at 959 (noting "[t]he primary, if not most important of these interests is the convenience of the witnesses.") (internal quotes omitted) (quoting *May Dept. Stores Co. v. Wilansky,* 900 F. Supp. 1154, 1165 (E.D. Mo. 1995)). The Property is located in Iowa and the contract dispute centers upon asbestos remediation of the Property. The related contractor is located in Iowa. Restoration was working with the Davenport City Council and other city officials regarding its proposed use of the Property. See Exhibit D (article regarding Davenport City Council's decision to go with another developer). The City's decision to use Restoration as its secondary choice for development and its timing in relation to the current dispute will be relevant to 3rd ST's contract defenses. These witnesses will be inconvenienced if the litigation is not transferred to the Southern District of Iowa. In short, consideration of the parties' negotiated choice of forum, the physical location of the Property, and the convenience afforded to the relevant witnesses promotes the interests of justice.

## V.   CONCLUSION

WHEREFORE, Defendant 3RD ST. IA LLC respectfully requests that this Court grant its Motion to Dismiss for Lack of Personal Jurisdiction or in the alternative, its Motion to Transfer Venue to the United States District Court for the Southern District of Iowa.

Respectfully submitted,

/s/ Mark A. Roberts
Mark A. Roberts AT0006579, Pro Hac Vice
Simmons Perrine Moyer Bergman PLC
115 Third Street SE, Suite 1200
Cedar Rapids, Iowa 52401-1266
Telephone:  (319) 366-7641
Fax: (319) 366-1917
mroberts@simmonsperrine.com


TUETH KEENEY COOPER
MOHAN & JAACKSTADT, P.C.

John M. Reynolds 46931MO
34 N. Meramec, Suite 600
St. Louis, Missouri 63105
(314) 880-3600
(314) 880-3601 Facsimile
jreynolds@tuethkeeney.com

Attorneys for Defendant 3RD ST. IA LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed using the Court's electronic filing system, served via that system to those registered, on this 17th day of April, 2013, upon the following:

Aaron D. French 50759MO
Jesse B. Rochman 60712MO
Sandberg Phoenix & von Gontard P.C.
600 Washington Ave. 15th Floor
St. Louis MO 63101-1331
314-231-3332
314-241-7604 Facsimile
afrench@sandbergphoenix.com
jrochman@sandbergphoenix.com

Attorneys for Plaintiff

Roger W. Pecha 41853MO
Conn Q. Davis 62835MO
Jenkins & Kling, P.C.
150 N. Meramec, Suite 400
St. Louis MO 63105
314-721-2525
314-721-5525 Facsimile
rpecha@jenkinskling.com
cdavis@jenkinskling.com

Attorneys for Pending Intervener St. Louis Title, LLC

/s/ Mark A. Roberts