**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RESTORATION ST. LOUIS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:13-cv-00669** |
| | ) | |
| **3RD ST. IA LLC,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE
ALTERNATIVE, TRANSFER VENUE**

COMES NOW Defendant 3RD ST. IA LLC ("3rd ST") or ("Defendant"), by and through its attorneys and hereby submits the following Reply Memorandum of Law in Support of its Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, Transfer Venue. In support of its Motion, Defendant respectfully states to the Court:

I.     **THE BREACH OF THE PARTIES' CONTRACT, NOT JUST THE ESCROW PROVISION, IS THE BASIS OF THE DISPUTE.**

3rd ST presented the correct context of this lawsuit to this Court. As set forth in Plaintiff's Petition, the basis for the return of the earnest money is an alleged breach of contract claim based upon Section 4.3 of the Contract regarding asbestos remediation. See Petition, ¶¶ 9-15; 23. The requested remedy for the alleged breach is return of the earnest money. Plaintiff appears to argue that the only relevant subject of the lawsuit, and this Court's consideration, is return of the earnest money. Docket 13, p. 1 ("To make both arguments, Defendant tries to distance this lawsuit from any connection to

Missouri by mischaracterizing the lawsuit as a breach of Contract claim centered upon asbestos remediation of Iowa Property."). This case is not a Missouri based dispute because the escrow proceeds are held in Missouri, any more than it would be if the RSL bank accounts that might satisfy a judgment were located in Missouri.

Plaintiff waived the Due Diligence Contingencies set forth in Section 3.1 and therefore its remedies are not reduced to the provisions of Section 1.3 of the Contract. Instead, the case involves a claim of breach of contract regarding 3rd ST's performance under the contract. Defendant's defenses and counterclaims are based upon substantial performance under the Contract, in Iowa. The subject property, remediation efforts, and relevant witnesses are in Iowa.

## II.    THE ESCROW DESIGNATION AFFECTS THE LONG-ARM ANALYSIS, NOT THE MINIMUM CONTACTS ANALYSIS.

Even if the Contract's designation of St. Louis Title as the escrow company could provide a basis for long-arm jurisdiction under Missouri law, it still does not provide sufficient contacts for the purposes of due process. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478-79 (1985) ("we have emphasized the need for a highly realistic approach that recognizes that a contract is ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction.") (internal quotations and citation omitted). *Id.*, at, 63 S.Ct., at 604-605.

This Court's evaluation centers upon the "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course

of dealing" in order to determine minimum contacts. *Id.* The mere choice of an escrow company in Missouri does not constitute a deliberate and substantial connection with Missouri, as the escrow company is incidental to the chief purpose of the contract – the sale of property in Iowa. *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG,* 646 F.3d 589, 594 (8th Cir. 2011) (court finds incidental contacts with Missouri including email, phone calls, and wire transfer to Missouri insufficient). Plaintiff also mischaracterizes St. Louis Title as an agent of 3rd ST,

> Agency is a fiduciary relationship which requires the existence of three elements: that the agent "holds a power to alter legal relation between the principal and third persons and between the principal and himself"; that the agent "is a fiduciary with respect to matters within the scope of his agency"; and that "the principal has the right to control the conduct of the agent with respect to matters entrusted to him." *State ex rel. Bunting v. Koehr,* 865 S.W.2d 351, 353 (Mo. banc 1993). The absence of any one of these elements defeats the claim of agency. *Id.*

*Capitol Indem. Corp. v. Citizens Nat. Bank of Fort Scott, N.A.,* 8 S.W.3d 893, 903 (Mo. Ct. App. 2000).

Plaintiff does not, and cannot, argue that general jurisdiction applies as 3rd ST does not have continuous and systematic contacts with Missouri. Instead Plaintiff asserts that specific jurisdiction exists because the cause of action "arose out of or is related to Defendant's contacts with Missouri." Docket 13, p. 7. The sole contact asserted regarding specific jurisdiction is the Contract selection of St. Louis Title as the escrow company. *Id.* However, Plaintiff again ignores the allegations of its Petition, which alleges a lawsuit for breach of contract regarding property in Iowa.

In sum, Plaintiff improperly disregards the basis of its petition and fails in its attempt to enlarge the Contract's designation of escrow company into sufficient

minimum contacts for the purposes of due process.    Plaintiff thus fails to meet its

burden to show that this Court's exercise of jurisdiction is proper.

### III.   DEFENDANT'S MOTION TO TRANSFER VENUE IS PROPERLY SUPPORTED.

As to the transfer of venue, Plaintiff alleges that the witnesses were unnamed,

immaterial, and unimportant to Plaintiff's claim.  However, these witnesses are relevant

to the defenses and counterclaims in relation to Plaintiff's lawsuit, and information was

provided in the original Motion as follows,

> The related contractor is located in Iowa. Restoration was working with
> the Davenport City Council and other city officials regarding its proposed
> use of the Property. See Exhibit D (article regarding Davenport City
> Council's decision to go with another developer).  The City's decision to
> use Restoration as its secondary choice for development and its timing in
> relation to the current dispute will be relevant to 3rd ST's contract
> defenses. These witnesses will be inconvenienced if the litigation is not
> transferred to the Southern District of Iowa.

Docket 12, p. 12. See *Reid-Walen v. Hansen,* 933 F.2d 1390, 1396 (8th Cir. 1991) (court

determines "materiality and importance of the anticipated witnesses' testimony" by

way of "affidavit or other information" provided by defendant) (citations omitted).

WHEREFORE, for the reasons set forth herein and previously.  Defendant 3RD

ST. IA LLC respectfully requests that this Court grant its Motion to Dismiss for Lack of

Personal Jurisdiction or in the alternative, its Motion to Transfer Venue to the United

States District Court for the Southern District of Iowa.

Respectfully submitted,

/s/ Mark A. Roberts
Mark A. Roberts AT0006579, Pro Hac Vice
Simmons Perrine Moyer Bergman PLC
115 Third Street SE, Suite 1200
Cedar Rapids, Iowa 52401-1266
Telephone:  (319) 366-7641
Fax: (319) 366-1917
mroberts@simmonsperrine.com


TUETH KEENEY COOPER
MOHAN & JAACKSTADT, P.C.

John M. Reynolds 46931MO
34 N. Meramec, Suite 600
St. Louis, Missouri 63105
(314) 880-3600
(314) 880-3601 Facsimile
jreynolds@tuethkeeney.com

Attorneys for Defendant 3RD ST. IA LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed using the Court's electronic filing system, served via that system to those registered, on this 7th day of May, 2013, upon the following:

Aaron D. French 50759MO
Jesse B. Rochman 60712MO
Sandberg Phoenix & von Gontard P.C.
600 Washington Ave. 15th Floor
St. Louis MO 63101-1331
314-231-3332
314-241-7604 Facsimile
afrench@sandbergphoenix.com
jrochman@sandbergphoenix.com

Attorneys for Plaintiff

Roger W. Pecha 41853MO
Conn Q. Davis 62835MO
Jenkins & Kling, P.C.
150 N. Meramec, Suite 400
St. Louis MO 63105
314-721-2525
314-721-5525 Facsimile
rpecha@jenkinskling.com
cdavis@jenkinskling.com

Attorneys for Pending Intervener St. Louis Title, LLC

/s/ Mark A. Roberts