UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RESTORATION ST. LOUIS, INC.,  )
                              )
        Plaintiff,            )
                              )
    vs.                       )   Case No. 4:13CV669  HEA
                              )
3RD ST. IA LLC,               )
                              )
        Defendant.            )

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction or in the Alternative, Transfer Venue, [Doc. No 11]. Plaintiff opposes the Motion. For the reasons set forth below, Defendant's Motion to Dismiss will be granted.

**Facts and Background**

Plaintiff filed this action in the Circuit Court of St. Louis County, Missouri on February 22, 2013. On March 8, 2013, Intervener, St. Louis Title, LLC, filed its Motion to Intervene by Right or in the Alternative, by Permission. Defendant was served with the Summons and Petition on March 13, 2013. Defendant removed the matter to this Court on April 10, 2013. This Court granted the

Motion to Intervene on April 15, 2013.

Plaintiff's Petition for Breach of Contract is based on an alleged contract between Plaintiff and Defendant.  The Petition alleges that on April 25, 2012, Plaintiff and Defendant entered into a Purchase and Sale Agreement wherein Defendant agreed to sell to Plaintiff certain real property known as 131 West Third Street, Davenport, Iowa 5201.

Under the terms of the Contract, Defendant directed Plaintiff to deliver $180,000, as Earnest Money to Defendant's escrow agent, St. Louis Title, which is located in Clayton, Missouri.  Plaintiff delivered the Earnest Monty to St. Louis Title.

Pursuant to the terms of the Contract, Defendant was to deliver the Property free and clear of any environmental hazards and contaminations, including asbestos, at Defendant's sole cost and expense prior to the Closing Date, which was set as January 28, 2013, which was extended to February 8, 2013.

On February 7, 2013, Defendant allegedly admitted that the remediation of all environmental hazards and contamination on the Property was not complete. Defendant did not deliver the Property free and clear of any environmental hazards and contaminations prior to February 8, 2013.

Plaintiff gave written notice to Defendant on February 11, 2013 regarding

Defendant's failure to deliver under the terms of the Contract.  Plaintiff's Earnest Money was allegedly to be returned no later than February 18, 2013.  Defendant did not return the Earnest Money.

Plaintiff alleges that the failure to deliver the Property free and clear of any environmental hazards and contaminations prior to February 8, 2013 constitutes a breach of the Contract.  Further, Plaintiff alleges that the failure to return its Earnest Money constitutes a breach of the Contract, as does the failure of Defendant to instruct St. Louis Title to release the Earnest Money to Plaintiff.

Defendant moves to dismiss the action pursuant to Fed.R.Civ.P. Rule 12(b)(2) for lack of personal jurisdiction.  In ruling on a motion to dismiss for lack of personal jurisdiction, pursuant to Rule 12(b)(2), the Court may consider affidavits and exhibits presented with the motion and in opposition to it.  See *Dairy Farmers of Am., Inc. v. Bassett & Walker Int'l, Inc*., 702 F.3d 472, 474–75 (8th Cir.2012).  Where appropriate or necessary, the Court has amplified the facts alleged in the Claim with facts from such additional sources.  For present purposes, the focus is on facts relevant to the Court's personal jurisdiction over Defendant, rather than all facts giving rise to the parties' dispute.

## Legal Standard

When personal jurisdiction is challenged by a defendant, the plaintiff bears

the burden to show that jurisdiction exists. *K–V Pharmaceutical Co. v. J. Uriach & CIA, S.A*, 648 F.3d 588, 591–92 (8th Cir.2011).  To successfully survive a motion to dismiss challenging personal jurisdiction, a plaintiff must make a *prima facie* showing of personal jurisdiction over the challenging defendant. *Id.* at 591. A plaintiff's *prima facie* showing "must be tested, not by pleadings alone, but by affidavits and exhibits supporting or opposing the motion." *Id*. at 592 (internal quotation marks and citation omitted). Although a court must view evidence in a light most favorable to the plaintiff and resolve factual conflicts in the plaintiff's favor, the party seeking to establish the court's personal jurisdiction carries the burden of proof and that burden does not shift to the party challenging jurisdiction. *Viasystems, Inc. v. EBM–Papst St. Georgen GmbH & Co.*, 646 F.3d 589, 592 (8th. Cir.2011); *Epps v. Stewart*, 327 F.3d 642, 647 (8th. Cir.2003).

Personal jurisdiction can be specific or general. "Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state,' while [g]eneral jurisdiction ... refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose.'" *Miller v. Nippon Carbon Co.*, 528 F.3d 1087, 1091 (8th Cir.2008) (alterations in original) (quoting *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 819 (8th Cir.1994)).  Here, Plaintiff asserts that Defendant

is subject to both the Court's specific and general personal jurisdiction.

## Discussion

For a federal court to exercise specific personal jurisdiction over a nonresident defendant, jurisdiction must be authorized by the forum state's long-arm statute and permitted by the Due Process Clause of the Fourteenth Amendment. See *Dever v. Hentzen Coatings, Inc.*, 300 F.3d 1070, 1073 (8th Cir.2004).[1] In Missouri, specific personal jurisdiction is authorized only to the extent that "the [cause of] action arose out of an activity covered by [Missouri's] long-arm statute." *Conway v. Royalite Plastics, Ltd.*, 12 S.W.3d 314, 318 (Mo. banc 2000). Missouri's long-arm statute authorizes personal jurisdiction over defendants who, inter alia, transact business, make a contract, or commit a tort within the state. Mo.Rev.Stat. § 506.500.1. "These individual categories are

---

[1] Previously, the Eighth Circuit has collapsed these two inquiries into the single inquiry of whether asserting jurisdiction violates the Due Process Clause. See, e.g., *Romak USA, Inc. v. Rich*, 384 F.3d 979, 984 (8th Cir.2004) (conducting only due process analysis after noting that "the Missouri long-arm statute authorizes the exercise of jurisdiction over non-residents to the extent permissible under the due process clause"). However, the Eighth Circuit recently directed district courts to conduct a two-step analysis because the more recent decisions of the Missouri Supreme Court analyze the two questions separately. *Myers v. Casino Queen*, 689 F.3d 904 (8th Cir.2012)(citing *Bryant v. Smith Interior Design Grp.*, 310 S.W.3d 227, 231 (Mo.2010) ("First, the court inquires whether the defendant's conduct satisfies Missouri's long-arm statute. If so, the court next evaluates whether ... asserting personal jurisdiction over the defendant comports with due process." (internal citations omitted)).

construed broadly, such that if a defendant commits one of the acts specified in the long-arm statute, the statute will be interpreted to provide for jurisdiction, within the specific categories enumerated in the statute, to the full extent permitted by the Due Process Clause.'" *Viasystems,* 646 F.3d at 593 (quoting *State ex rel. Metal Serv. Ctr. of Ga., Inc. v. Gaertner*, 677 S.W.2d 325, 327 (Mo.1984). Missouri's long-arm statute has been interpreted as covering "extraterritorial acts that yield consequences in Missouri." *Furminator, Inc. v. Wahba*, No. 4:10CV01941 AGF, 2011 WL 3847390 at *2 (E.D.Mo. Aug. 29, 2011) (quoting *Bryant*, 310 S.W.3d at 232.

Even if personal jurisdiction over a defendant is authorized by the forum state's long-arm statute, jurisdiction can be asserted only if permitted by the Due Process Clause. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). Due process requires that the defendant purposefully establish "minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The defendant must have engaged in "some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger*

*King Corp. v. Rudzewicz*, 471 U.S. 462, 482 (1985). The purposeful availment requirement is met where the "defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Id*. at 474 (quoting *World–Wide Volkswagen Corp*., 444 U.S. at 297).

The Eighth Circuit established a five factor test to determine the sufficiency of a nonresident defendant's contacts with the forum state. *Romak*, 384 F.3d at 984. The five factors are: 1) the nature and quality of contacts with the forum state; 2) the quantity of the contacts; 3) the relation of the cause of action to the contacts; 4) the interest of the forum state in providing a forum for its residents; and 5) convenience of the parties. *Id*. The first three factors are of "primary importance," while the last two factors are of "secondary importance" and as such are not determinative of personal jurisdiction. *Id.*

Specific jurisdiction, unlike general jurisdiction, requires that the defendant must purposely direct its activities at residents of the forum state and the litigation "arise[s] out of or relate[s] to" those activities. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). The Eighth Circuit does not restrict the relationship between a defendant's contacts and the cause of action to a proximate cause standard, rather it states that "specific jurisdiction is warranted when the defendant purposely directs its activities at the forum state and the

litigation result[s] from injuries ... relating to [the defendant's] activities [in the forum state.]'" *Myers*, 689 F.3d at 912–13 (quoting *Steinbuch v. Cutler*, 518 F.3d 580, 586 (8th Cir.2008). "This stance is consistent with other circuits which have focused on the need to adopt a flexible approach when construing the "relate to" aspect of the Supreme Court's standard." *Id.*

Here, Plaintiff argues that personal jurisdiction over Defendant is proper under the Missouri Long Arm statute because the Contract was "made" in Missouri. Plaintiff executed the Contract in Missouri simply because Plaintiff is a Missouri company and the agreement was sent to it for acceptance.

While it is true that technically the Contract was made in Missouri because of Plaintiff's execution thereof occurred in Missouri, this sole fact fails to establish personal jurisdiction over Defendant under the Due Process analysis.

The evidence before the Court is that Defendant has no other contact with Missouri whatsoever. Defendant's principal place of business is the State of New York. It is a three member limited liability company, none of its members is a citizen of the State of Missouri. It maintains no office in Missouri, and it has no employees in Missouri. It has no property in the State of Missouri. Significantly, Plaintiff's Vice President contacted a representative of Defendant by telephoning New York regarding the potential purchase of the Property. The Vice President

traveled to New York to personally negotiate the Agreement.  Plaintiff's representative suggested St. Louis Title, LLC for the deposit of the Earnest Money.

Defendant's contacts with Missouri are merely fortuitous, and bears no resemblance to Defendant purposely availing itself of the benefits of doing business in Missouri to satisfy due process.  Defendant did not seek out Plaintiff as a purchaser of the property, rather, Plaintiff contacted Defendant.  The Contract was negotiated in New York, Defendant executed the Contract in New York and the subject Property is located in Iowa.  Plaintiff chose the escrow agent St. Louis Title, and Defendant has had no previous business relationship with St. Louis Title.  The parties chose Iowa law to govern their contract.   Based on the totality of the circumstances surrounding the Contract, the Court finds that Defendant does not have sufficient minimum contacts with Missouri, and thus, the exercise of personal jurisdiction over Defendant is not consistent with requirements of due process.[2]

---

[2] Plaintiff also attempts to argue that this Court has general jurisdiction over Defendant based on a theory of continuous and systematic contacts with Missouri. "Because it extends to causes of action unrelated to the defendant's contacts with the forum state, general jurisdiction over a defendant is subject to a higher due-process threshold." *Viasytems,* 646 F.3d at 595. To establish general jurisdiction, Plaintiffs must show that Defendant maintained "continuous and systematic general business contacts" with Missouri. See *Helicopteros*, 466 U.S at

## Conclusion

Based upon the foregoing analysis, the Court finds that requiring Defendant to come to the State of Missouri to litigate this dispute does not comport with due process; Defendant does not have sufficient minimum contacts with the State of Missouri to be expected to be haled into this Court.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss [Doc. No 11] is granted

**IT IS FURTHER ORDERED** that Plaintiff's complaint against Defendant is dismissed for lack of personal jurisdiction.

Dated this 24th day of February, 2014.

_____
   HENRY EDWARD AUTREY
   UNITED STATES DISTRICT JUDGE

---

416. However, the only contacts Plaintiff can point to are contacts those regarding this controversy.  For the reasons set out above, Defendants contacts are insufficient to establish personal jurisdiction. This argument therefore also fails.